08CV 2739
JUDGE GETTLEMAN
MAGISTRATE JUDGE BROWN

RECEIVED
MAY 1 2 2008
MAY 1 2 2008 MB
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

1 OF 7

# MEMORANDUM OF LAW

IN SUPPORT OF THIS MEMORANDUM OF LAW, THE ~~[redacted]~~ PLAINTIFF STATES THE FOLLOWING:

THE DEFENDANT'S VIOLATED THE 14th AMENDMENT BY ACTING IN BAD FAITH IN A CRIMINAL CONSPIRACY AGAINST THE PLAINTIFF'S FUNDAMENTAL CIVIL RIGHTS IN CONJUNCTION WITH BOTH PRINCIPALS AND AGENTS OF THE COOK COUNTY SHERRIFF'S OFFICE AND THE 15th DISTRICT CHICAGO POLICE DEPARTMENT WITH THE MALICIOUS INTENT NOT ONLY TO INTERFERE WITH THE FREE EXERCISE OF MY NATURAL AND INHERENT RIGHT OF EXPATRIATION, BUT ALSO TO DENY THE PLAINTIFF CERTAIN INHERENT AND INALIENABLE RIGHTS AND PRIVILEGES RETAINED AND SECURED BY BOTH THE UNITED STATES AND THE ILLINOIS CONSTITUTIONS WITHOUT ANY LEGAL JUSTIFICATION. SINCE THERE ARE NO CIVIL ASSESMENTS FOR THE CHARGES, NOR ANY PRE-EXISTING CONTRACTS OR INTERNATIONAL AGREEMENTS THAT WOULD JUSTIFY THE ENFORCEMENT OF THIS UNCONSTITUTIONAL PUBLIC POLICY WHICH IS AN EX POST FACTO LAW AND PRE-EMPTED BY THE FOREIGN SOVEREIGNTY IMMUNITIES ACT UNDER ARTICLE 6 OF THE UNITED STATES CONSTITUTIONAL SUPREMACY CLAUSE.

THE DEFENDANT'S VIOLATED THE 14th AMENDMENT WHEN THEY SUBJECTED THE PLAINTIFF TO A WARRANTLESS ARREST AND ILLEGAL SEARCH AND SEIZURE WHILE ACTING IN A CRIMINAL CONSPIRACY AGAINST HIS FUNDAMENTAL CIVIL RIGHTS RETAINED AND SECURED BY THE CONSTITUTIONS OF BOTH THE UNITED STATES AND THE STATE OF ILLINOIS WITHOUT ANY LEGAL JUSTIFICATION. SINCE THERE ARE NO CIVIL ASSESSMENTS FOR THE CHARGES, NOR ANY PRE-EXISTING INTERNATIONAL AGREEMENTS OR CONTRACTS IN DEFAULT THAT WOULD JUSTIFY THE WARRANTLESS ARREST AND ILLEGAL SEARCH AND SEIZURE OF THE PLAINTIFF WHO IS A FOREIGN SOVEREIGN, BY WAY OF AN UNCONSTITUTIONAL PUBLIC POLICY PURSUANT TO THE ILLINOIS COMPILED STATUE.
(SEE, KELLER V. CENT. BANK OF NIG., 277 F.3d 811, AT 820)
(SEE, PEOPLE V. HOPKINS, 845 N.E.2d 661)
(SEE, PEOPLE V. OLLIE, 777 N.E.2d 529)
(SEE, PEOPLE V. MELOCK, 599 N.E.2d 941)

THE DEFENDANT'S VIOLATED THE 14th AMENDMENT WHEN THEY ACTED IN BAD FAITH IN A CRIMINAL CONSPIRACY TO MAKE OR ENFORCE AN EX POST FACTO LAW WHICH ABRIDGED THE PLAINTIFF'S PRIVILEGES AND IMMUNITIES AS A FOREIGN SOVEREIGN.
(UNITED STATES V. PRICE, 86 S.Ct. 1152)
(LYNCE V. MATHIS, 117 S.Ct. 891, 895-96)

THE DEFENDANT'S VIOLATED THE 14th AMENDMENT BY DENYING THE PLAINTIFF'S ORAL MOTION AND ARGUMENT ASSERTING FOREIGN SOVEREIGN IMMUNITY AFTER BEING GIVEN WRITTEN NOTICE AND SWORN AFFIDAVITS OF THE PLAINTIFF'S SOVEREIGN STATUS.
(SEE, DAVIS V. DISTRICT DIRECTOR, IMMIGRATION, 481 F. SUPP. 1178, AT 1182)
(SEE, KELLER, V. CENT. BANK OF NIG., 277 F.3d 811, AT 820)
(SEE, TITLE 28 U.S.C. SECTION 1602 AND 1604)

THE DEFENDANT'S VIOLATED THE 13th AND 14th AMENDMENT BY SUBJECTING THE DEFENDANT TO SLAVERY AND INVOLUNTARY SERVITUDE OF THE ILLINOIS STATE GOVERNMENT BY ENFORCING AN EX POST FACTO LAW THAT IS PRE-EMPTED BY THE FOREIGN SOVEREIGNTY IMMUNITIES ACT.
(SEE, ARGENTINE REPUBLIC V. AMERADA HESS SHIPPING CORP., 109 S.Ct. 683, AT 690)
(SEE, ICAHN V. BLUNT, 612 F. SUPP. 1400, AT PARAGRAPHS #20-22)
(SEE, MITCHUM V. FOSTER, 92 S.Ct. 2151)
(SEE, GIBSON V. STATE OF MISSISSIPPI, 16 S.Ct. 904, AT 908)

THE DEFENDANT'S VIOLATED 14th AMENDMENT BY DENYING THE PLAINTIFF THE NATURAL INHERENT RIGHT OF EXPATRIATION AND THE RIGHT TO BE FREE AND INDEPENDENT OF ANY AND ALL GOVERNING OR CONTROLING GOVERNMENTAL BODIES IN ACCORDANCE WITH ARTICLE 1 SECTION 1 AND ARTICLE 1 SECTION 24 OF THE BILL OF RIGHTS OF THE UNITED STATES

CONSTITUTION WHEREBY ALL MEN ARE FREE AND INDEPENDENT BY NATURE UNDER THE FOREIGN SOVEREIGNTY IMMUNITIES ACT PURSUANT TO TITLE 28 U.S.C. SECTION 1602, TITLE 28 U.S.C. SECTION 1604, TITLE 8 U.S.C. SECTION 1481, AND REVISED STATUTES 1999 OF THE SAME UNDER THE UNITED STATES CONSTITUTIONAL SUPREMACY CLAUSE.
(SEE, DAVIS V. DISTRICT DIRECTOR, IMMIGRATION, 481 F. SUPP. 1178, AT 1182)
(SEE, SAVORGNAN V. UNITED STATES, 70 S. Ct. 292, AT FOOTNOTE #11)
(SEE, BRIEHL V. DULLES, 248 F.2d 561, 583)

    THE DEFENDANT'S VIOLATED THE 14th AMENDMENT BY INDICTING THE PLAINTIFF WHO IS A FOREIGN SOVEREIGN THAT IS NOT INDICTABLE IN THE UNITED STATES UNDER THE FOREIGN SOVEREIGNTY IMMUNITIES ACT, WHEREBY THE PLAINTIFF HAS EXPATRIATED HIM-SELF FROM UNDER THE JURISDICTION OF THE UNITED STATES INTO A FOREIGN STATE, IN ACCORDANCE WITH TITLE 8 U.S.C. SECTION 1481, TITLE 28 U.S.C. SECTION 1602, TITLE 28 U.S.C. SECTION 1604, PURSUANT TO ARTICLE 1 SECTION 1 OF THE BILL OF RIGHTS, WHEREBY IT CLEARLY STATES, "ALL MEN ARE FREE AND INDEPENDENT BY NATURE OF ANY AND ALL GOVERNING OR CONTROLING GOVERNMENTAL BODIES"; THEREFORE, THE ILLINOIS STATE GOVERNMENT MUST DERIVE THEIR JUST POWERS FROM THE CONSENT OF THE PLAINTIFF IN THIS MATTER.
(SEE, BERGER V. PIERCE, 933 F.2d 393, 397)

(SEE, MCNEILY V. UNITED STATES, 6 F.3d 343, 350)
(SEE, ARGENTINE REPUBLIC V. AMERADA HESS SHIPPING CORP., 109 S.Ct. 683, AT 690)
(SEE, KELLER V. CENT. BANK OF NIGERIA, 277 F.3d 811, AT 820)
(SEE, VERLINDEN B.V. V. CENT. BANK OF NIG., 103 S.Ct. 1962, AT 1971)

THE DEFENDANT'S VIOLATED THE 14th AMENDMENT THROUGH THE ENFORCEMENT OF AN UNCONSTITUTIONAL PUBLIC POLICY WHICH IS AN EX POST FACTO LAW WHICH VIOLATES THE PLAINTIFF'S FUNDAMENTAL CIVIL RIGHTS TO BE GOVERN BY COMMON LAW UNDER THE FOREIGN SOVEREIGNTY IMMUNITIES ACT, PURSUANT TO TITLE 8 U.S.C. SECTION 1481, TITLE 28 U.S.C. SECTION 1602, TITLE 28 U.S.C. SECTION 1604, UNDER THE UNITED STATES SUPREMACY CLAUSE, IN ACCORDANCE WITH ARTICLE 1 SECTION 1 OF THE BILL OF RIGHTS OF THE UNITED STATES CONSTITUTION.
(SEE, LYNCE V. MATHIS, 117 S.Ct. 891, 895-96)
(SEE, WEAVER V. GRAHAM, 101 S.Ct. 960, 964)
(SEE, FLETCHER V. WILLIAMS, 688 N.E.2d 635)
(SEE, BARGER V. PETERS, 645 N.E.2d 175)
(SEE, PEOPLE V. TISLER, 469 N.E.2d 147)
(SEE, PEOPLE V. RAMEY, 604 N.E.2d 275)
(SEE, DAVIS V. DISTRICT DIRECTOR, IMMIGRATION, 481 F.Supp. 1178, AT 1182)
(SEE, SAVORGNAN V. UNITED STATES, 70 S.Ct. 292, AT FOOTNOTE #11)
(SEE, BRIEHL V. DULLES, 248 F.2d 561, 583)
(SEE, KELLER V. CENT. BANK OF NIGERIA, 277 F.3d 811, AT 820)

AS I WROTE IN MY COMPLAINT, THE DEFENDANT'S NOT ONLY SUBJECTED THE PLAINTIFF, WHO IS A FOREIGN SOVEREIGN THAT IS NOT INDICTABLE IN THE UNITED STATES TO A WARRANTLESS ARREST AND ILLEGAL SEARCH AND SEIZURE, BUT ALSO TO SLAVERY AND INVOLUNTARY SERVITUDE OF THE ILLINOIS STATE GOVERNMENT WITHOUT ANY LEGAL JUSTIFICATION. SINCE THERE ARE NO CIVIL ASSESMENTS FOR THE CHARGES, NOR ANY PRE-EXISTING CONTRACTS OR INTERNATIONAL AGREEMENTS THAT WOULD JUSTIFY THE ENFORCEMENT OF THIS UNCONSTITUTIONAL PUBLIC POLICY WHICH IS AN EX POST FACTO LAW AND PRE-EMPTED BY FEDERAL LAW. BECAUSE THE FOREIGN SOVEREIGN IMMUNITIES ACT GRANTS IMMUNITY TO FOREIGN SOVEREIGNS FROM CRIMINAL PROSECUTION WHEREBY IT CLEARLY STATES THAT A, "FOREIGN STATE SHALL BE IMMUNE FROM THE JURISDICTION OF THE COURTS OF THE UNITED STATES AND OF THE STATES", BECAUSE THE STATUTE PROVIDES THAT JURISDICTION OVER A FOREIGN SOVEREIGN WILL EXIST ONLY IF THERE IS A RELEVANT INTERNATIONAL AGREEMENT OR AN EXCEPTION LISTED IN TITLE 28 U.S.C. SECTION 1605-1607. BUT THE FOREIGN SOVEREIGNTY IMMUNITIES ACT, DOES NOT PROVIDE AN EXCEPTION FOR CRIMINAL JURISDICTION; THEREFORE, SINCE THE FOREIGN SOVEREIGN IMMUNITIES ACT IS THE ONLY METHOD OF OBTAINING JURISDICTION OVER FOREIGN SOVEREIGNS, AND TITLE 28 U.S.C. SECTION 1330 (A) REFERS

ONLY TO CIVIL, AND NOT CRIMINAL, ACTIONS THERE IS NO CRIMINAL JURISDICTION OVER THE PLAINTIFF IN THIS MATTER.

IN CONCLUSION, JUDGE MICHAEL BROWN'S REFUSAL TO GRANT THE PLAINTIFF'S MOTION TO DISMISS FOR LACK OF JURISDICTION AMOUNTS TO A VIOLATION OF DUE PROCESS AND A DENIAL OF EQUAL PROTECTION OF THE LAWS, IN VIOLATION OF THE 4th, 5th, 13th, AND 14th AMENDMENT. FOR THIS REASON, THE PLAINTIFF'S PRELIMINARY INJUNCTION AND TEMPORARY RESTRAINING ORDER SHOULD BE GRANTED.

WHEREFORE, PLAINTIFF RESPECTFULLY PRAYS THAT THIS COURT ENTER A JUDGMENT GRANTING HIS PRELIMINARY INJUNCTION AND TEMPORARY RESTRAINING ORDER.

RESPECTFULLY SUBMITTED
*Darryl Jackson*
DARRYL JACKSON, SUI JURIS