# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Robert W. Gettleman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 08 C 2739 | **DATE** | 6/4/2008 |
| **CASE TITLE** | Darryl Jackson (2007-0023316) v. Rod Blagojevich | | |

**DOCKET ENTRY TEXT:**

Plaintiff's motion for leave to file *in forma pauperis* [4] is granted. The initial partial filing fee is waived. The Court orders the trust fund officer at Plaintiff's current place of confinement to collect monthly payments from Plaintiff's trust fund account in accordance with this order. The clerk shall send a copy of this order to Elizabeth Hudson, Supervisor of Inmate Trust Fund Accounts, Cook County Jail, Administrative Office, Division V, 2700 S. California, Chicago, IL 60608. However, the complaint is dismissed under this Court's preliminary review. 28 U.S.C. § 1915A. The dismissal of the complaint counts as one of Plaintiff's three allotted dismissals under 28 U.S.C. § 1915(g). Plaintiff's motion tor the appointment of counsel [3] is denied.

■ [For further details see text below.]    Docketing to mail notices.

## STATEMENT

Plaintiff, Darryl Jackson (2007-0023316), an inmate at the Cook County Jail, seeks to bring this suit *in forma pauperis*. Finding that Plaintiff is unable to prepay the filing fee, the Court grants his motion. Plaintiff's *in forma pauperis* application indicates that he has neither the available funds nor means to pay the initial partial filing fee required by 28 U.S.C. § 1915(b)(1). As 28 U.S.C. § 1915(b)(4) requires that a prisoner not be prohibited from bringing suit because of inability to pay, the initial partial filing fee is waived. The trust fund officer at the correctional facility where Plaintiff is confined, currently the Cook County Jail, is authorized to collect monthly payments from Plaintiff's trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments collected from Plaintiff's trust fund account shall be forwarded to the clerk of court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Il. 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify Plaintiff's name and the case number assigned to this action. Plaintiff shall remain responsible for this filing fee, and the trust fund office at Plaintiff's place of confinement shall notify transferee authorities of any outstanding balance, in the event Plaintiff is transferred to another facility.

Although Plaintiff may proceed *in forma pauperis*, preliminary review of the complaint reveals that the complaint must be dismissed. Under 28 U.S.C. § 1915A, this Court must conduct a preliminary review of an inmate's complaint and dismiss the complaint, or any claim therein, if the complaint or claim is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a party that is immune from such relief. In this case, Plaintiff sues the Illinois governor, state court judges, state prosecutors, and police officers. Plaintiff alleges that a currently pending prosecution for robbery is illegal because he expatriated himself and is not subject to the jurisdiction of this state or country. He challenges his arrest, a subsequent search, the indictment, several state court rulings, and the state criminal proceedings in general. Seeking declaratory and monetary relief, he asks this Court to declare that the actions by the defendants are illegal, to enjoin the state criminal proceedings, and to award damages.
**(CONTINUED)**

isk

**STATEMENT (continued)**

Plaintiff's complaint in this Court cannot proceed forward for several reasons. Federal courts do not interfere with pending state criminal proceedings except under extraordinary circumstances, and only after the exhaustion of state court remedies. *See Younger v. Harris*, 401 U.S. 37 (1971); *see also Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 489-92 (1973); *United States v. Castor*, 937 F.2d 293, 296-97 (7th Cir. 1991); *see also Neville v. Cavanaugh*, 611 F.2d 673, 675 (7th Cir. 1979); *In re Justices of Superior Court Dept. of Massachusetts Trial Court*, 218 F.3d 11, 17-18 (1st Cir. 2000). Plaintiff's complaint indicates neither the existence of extraordinary circumstances nor the exhaustion of state court remedies. Furthermore, the proper action to challenge a state conviction in this Court is a petition for habeas corpus relief, not a 42 U.S.C. § 1983 civil rights action. To the extent Plaintiff seeks only damages and not injunctive relief, a plaintiff may not proceed with a § 1983 action if success in that suit would necessarily call into question the validity of a conviction unless and until the conviction has been invalidated. *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994).

Additionally, Plaintiff's claims against prosecutors and judges seek relief against persons immune from civil rights claims, and his claims against the other defendants seek to sue them in their supervisory capacities. Such claims do not support a valid civil rights cause of action. *See Imbler v. Pachtman,* 424 U.S. 409, 430-31 (1976); *Cervantes v. Jones,* 188 F.3d 805, 809 (7th Cir. 1999) (prosecutors are absolutely immune for their conduct intimately associated with the judicial part the criminal process); *Dawson v. Newman*, 419 F.3d 656, 660 (7th Cir. 2005) (judges have absolute immunity from suit for their actions performed in their judicial capacity); *Palmer v. Marion County*, 327 F.3d 588, 594 (7th Cir. 2003) (there is no supervisory liability under § 1983, and a plaintiff bringing a civil rights action must establish personal involvement by the defendant or an unconstitutional policy or custom).

Accordingly, the Court dismisses the complaint under 28 U.S.C. § 1915A. The dismissal of this case counts as a strike under 28 U.S.C. § 1915(g). If Plaintiff accumulates three strikes, he cannot file an action in federal court without the prepayment of the filing fee, unless he demonstrates that he is imminent danger of serious physical injury. § 1915(g). If Plaintiff wishes to appeal this dismissal, he may file a notice of appeal with this Court within thirty days of the entry of judgment. Fed. R. App. P. 4(a)(4). If he seeks to proceed *in forma pauperis* on appeal, he should file a motion in this Court seeking leave to do so and state the issues he plans to present on appeal. *See* Fed. R. App. P. 24(a)(1)(C). If Plaintiff does choose to appeal, he will be liable for the $455 appellate filing fee irrespective of the outcome of the appeal. *Evans v. Illinois Dept. of Corrections*, 150 F.3d 810, 812 (7th Cir. 1998). Furthermore, if the appeal is found to be non-meritorious, he may also accumulate another "strike" under § 1915(g).